IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> MARCELLAS HOFFMAN, <br><br> Defendant. | CRIMINAL ACTION <br> NO. 01-169 |

**Slomsky, J.**  April 1, 2022

**OPINION**

**I.**  **INTRODUCTION**

Before the Court is Petitioner Marcellas Hoffman's ("Defendant" or "Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 ("the Motion" or "the Petition"). (Doc. No. 312.) Petitioner was convicted on six counts charging him with various drug trafficking, robbery, and firearm offenses and was sentenced to a 65-year term of imprisonment. (See Doc. No. 314 at 6.)

In the Motion, filed on May 19, 2020, Petitioner seeks to vacate the sentence on the Count Six conviction for being a felon in possession of a firearm. He contends that this conviction should be overturned in light of United States v. Rehaif, 139 S. Ct. 2191 (2019), and an alleged error in the Court's jury instructions. On October 14, 2020, the Government submitted a response in opposition to Defendant's Motion. (Doc. No. 314). After the Petition and Response were filed, Petitioner had a new sentencing hearing because his Count Five conviction for using a firearm during and in relation to a crime of violence was vacated in light of United States v. Davis, 139 S. Ct. 2319 (2019). A sentence of 450-months imprisonment was imposed.

1

For reasons that follow, Petitioner's Motion (Doc. No. 312) will be denied without an evidentiary hearing. A certificate of appealability will not be issued.

## II. BACKGROUND

Defendant is presently incarcerated for, among other offenses, conspiring to commit armed robbery during a drug trafficking crime. (See Doc. No. 314 at 5.) The procedural history in this case has been summarized in part by the Third Circuit Court of Appeals as follows:

> Hoffman's trial began on February 25, 2002. Prior to trial, the District Court had ruled that the government could not introduce evidence of Hoffman's prior drug dealings with Rosado. Nevertheless, on the second day of trial, the government elicited testimony from which the jury could infer that Hoffman . . . had had [a history of] prior drug dealings. As a result, the District Court granted a mistrial. Before the case was retired, Hoffman moved to dismiss the indictment on double jeopardy grounds. The District Court denied that motion and we affirmed on November 26, 2002. The mandate was not issued until January 23, 2003.

United States v. Hoffman, 148 F. App'x 122, 124-26 (3d Cir. 2005) (citations omitted). On March 6, 2003, a federal grand jury returned a Second Superseding Indictment against Defendant charging him in six Counts with:

1. Conspiracy to distribute heroin and cocaine, in violation of 21 U.S.C. § 846 (Count One);
2. Attempt to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (Count Two);
3. Using and carrying . . . firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three);
4. Conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Four);
5. Using and carrying . . . firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Five); and
6. Being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Six).

(See Doc. No. 314 at 6.) Defendant was convicted on all six Counts and sentenced to life imprisonment. (See id. at 6-7.)

After sentencing, Defendant appealed, arguing that his sentence was unconstitutional in light of the United States Supreme Court decision in United States v. Booker, which severed United States Sentencing Guidelines' provisions from mandatory application. See Hoffman, 148 F. App'x at 126; see also United States v. Booker, 543 U.S. 220, 258, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Although the Third Circuit affirmed Defendant's convictions, it agreed that, after Booker, he should be resentenced. See Hoffman, 148 F. App'x at 130-31. Thereafter, on December 11, 2006, Defendant was resentenced to a total term of 65 years' imprisonment. (See Doc. No. 314 at 7.) He received 30-year concurrent sentences on Counts One, Two, and Six, a 20-year sentence on Count Four to run concurrently with the other Counts, and consecutive sentences of 10 years on Count Three and 25 years on Count Five, followed by a total of 19 years' supervised release. (See Doc. No. 314 at 7-8.)

In November 2019, the Third Circuit Court of Appeals granted Defendant authorization to file a second or successive 28 U.S.C. § 2255 motion to challenge his § 924(c) conviction on Count Five in light of the United States Supreme Court decision in United States v. Davis. See 139 S. Ct. 2319 (2019) (holding "crime of violence" language in 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague). The Government did not oppose Defendant's Motion, and on March 4, 2020, the Court vacated Defendant's conviction on Count Five. (See Doc. Nos. 304-305.) Resentencing, however, was required. On June 17, 2021, the Court resentenced Defendant to a total term of 450 months imprisonment imposed as follows: on Counts One and Two: 330 months; on Count Four: 240 months; on Count Six: 180 months; all to be served concurrently; and

on Count Three: 120 months, to run consecutively to all other counts. (See Doc. Nos. 353; 354 at 3-4.)[1]

Prior to resentencing, Petitioner filed the instant § 2255 Petition on May 19, 2020. (See Doc. No. 312.) In the Petition, Defendant seeks to vacate his sentence on the Count Six conviction for being a felon in possession of a firearm in light of United States v. Rehaif, 139 S. Ct. 2191 (2019), and due to an alleged error in the District Court's jury instructions. In Rehaif, the Supreme Court held that the knowledge element of a § 922(g) conviction requires that the defendant not only knew that he possessed a firearm, but also knew of the status that made the possession illegal, which here is the felony conviction. Rehaif, 139 S. Ct. at 2194.

## III. STANDARD OF REVIEW

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside or correct the sentence" where, inter alia, the sentence imposed was in violation of the Constitution or laws of the United States or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255 (a).

In considering a § 2255 motion, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)); see also United States v. Williams, No. 15-1820, 2016 WL 930682, at *1

---

[1] Petitioner's term of imprisonment will be followed by eight years of supervised release. (See Doc. No. 354.)

(E.D. Pa. Mar. 10, 2016) (citation and quotations omitted) ("The court is to construe a prisoner's pro se pleading liberally, but vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation.")

## IV.   ANALYSIS

As noted, Petitioner argues that his § 922(g) conviction on Count Six, imposed on December 11, 2006, must be vacated under the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). (Doc. No. 312.) Specifically, Defendant asserts that, at the time he was convicted, his knowledge of the status which prohibited him from possessing a firearm was not a required element of a § 922(g) conviction, and therefore was not proven by the prosecution. (Doc. No. 312.) Defendant also argues that his § 922(g) conviction must be vacated because of an improper jury instruction.[2] (Id.)

The Government argues that Petitioner's § 2255 Motion should be denied for several reasons. The Government first asserts that the Petition need not be considered because Hoffman did not obtain the required permission under 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h) to file a successive § 2255 motion. (Doc. No. 314 at 17.) Second, the Government submits that Petitioner's Motion is precluded based on the concurrent sentence doctrine.[3] (Id.)

---

[2]  Given the reasons infra why the court is denying the § 2255 Petition, there is no need to discuss the alleged improper jury instruction.

[3]  The Government also argued that Petitioner is represented by counsel, which obviates the motion because Petitioner is not entitled to hybrid representation by both himself and his counsel. (Doc. No. 314 at 16.) This argument is moot because Petitioner is no longer represented by counsel, but is proceeding pro se. (Doc. No. 312.) Finally, the Government maintains that in order to succeed on a Rehaif claim, Defendant must prove actual innocence under 28 U.S.C. § 2241, which Hoffman cannot do. (Id. at 18-19.) In fact, Defendant filed a §2241 motion, which this Court denied on February 11, 2022. See Hoffman v. Pistro, Civ. No. 21-03007, 2022 WL 425939 at *1 (E.D. Pa. 2022). The basis of this Court's denial of that motion was that Hoffman cannot prove actual innocence. Id.

Petitioner's Motion will be denied for three reasons. First, because he was resentenced after he filed the § 2255 Motion, Petitioner is no longer in custody under the sentence he is seeking to vacate. Second, Petitioner did not seek the required permission from the Third Circuit Court of Appeals to file a successive § 2255 motion. Third, his arguments fail in view of the application here of the concurrent sentence doctrine. Each will be discussed in turn.

### A. Petitioner's Motion will be denied because he is not in custody under the sentence he is seeking to vacate.

First, Hoffman's Petition will be denied because Petitioner is not in custody under the sentence he seeks to vacate. As noted, Petitioner filed his instant § 2255 Motion on May 19, 2020, seeking to vacate Count 6 of his conviction under United States v. Rehaif. (See Doc. No. 312.) The Motion challenged his 65-year, post Booker term of imprisonment. See Hoffman, 148 F. App'x at 130-31. (See also Doc. No. 314 at 7.) This sentence was imposed on December 11, 2006. Subsequently, on June 17, 2021, he was resentenced based on the decision in United States v. Davis. Defendant was given a lesser sentence of 450-months imprisonment. (See Doc. No. 353.)

28 U.S.C. § 2255 states in pertinent part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Thus, it has been held that "[a] prerequisite to the court having subject-matter jurisdiction over a § 2255 motion is that the petitioner must be 'in custody under the sentence he seeks to set aside.'" United States v. Davies, Cr. No. 07-436, 2019 WL 6254988 (W.D. Pa. 2019) (citing cases). See also United States ex rel. Bogish v. Tees, 211 F.2d 69, 71-72 (3rd Cir. 1954) ("For the

6

remedy given by [§ 2255] is available only to a prisoner who is actually in custody under the sentence which he seeks to set aside.")

Here, Petitioner is no longer in custody under the sentence he seeks to vacate. In his Petition, he seeks to vacate Count 6 of his 65-year sentence imposed on December 11, 2006. After he filed the Petition, however, he was resentenced to a 450-month term of imprisonment and is now in custody under that sentence. Thus, he is not in custody for the sentence he seeks to vacate, the 65-year sentence. This Court therefore does not have subject matter jurisdiction over the Motion.

### B. Petitioner's Motion also will be denied because he did not seek the required permission to file a successive § 2255 petition.

Second, the Court lacks jurisdiction over this petition because Petitioner did not receive the required permission from the Third Circuit Court of Appeals to file a successive § 2255 petition. Section 2255 provides in pertinent part:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner filed his first § 2255 motion based on the Davis decision on November 6, 2019. (See Doc. No. 299.) This Motion, which was consented to by the Government, resulted in the

7

Court 5 firearm offense being vacated.[4] On May 19, 2020, Defendant filed the instant § 2255 Petition, challenging his conviction and sentence on Count 6 based on Rehaif and the improper jury instruction. (See Doc. No. 312.) Because both petitions attack his 65-year sentence, the Third Circuit Court of Appeals had to certify the Motion before Petitioner filed it with this Court. Magwood v. Patterson, 561 U.S. 320, 342 (2010). Because he did not receive such certification, this Court lacks jurisdiction over the instant § 2255 Petition, filed on May 19, 2020.

### C. The Petition will be denied under the concurrent sentence doctrine.

Finally, as noted earlier, in the Petition, Hoffman challenges his sentence imposed on December 11, 2006 on Count 6. Because the term of imprisonment imposed on Count Six is concurrent with those of Counts One and Two, Petitioner's Motion will be denied under the concurrent sentence doctrine. As noted earlier, in the Motion, Petitioner argues that his § 922(g) conviction on Count Six must be vacated under Rehaif because, at the time of his conviction, the prosecution did not prove Defendant's knowledge of his status prohibiting him from possessing a firearm. (Doc. No. 312.) He also argues the same conviction must be vacated because of improper jury instruction. (Id.) But these arguments fail because they are precluded under the concurrence sentence doctrine. (Doc. No. 314 at 17.)

The concurrent sentence doctrine provides that "a federal court may decline to review an alleged error where concurrent sentences were imposed on separate counts, where the alleged error is associated with only one count, and where the remaining sentences are unassailable." Nosov v. Schuylkill FCI, 634 Fed. Appx. 379, 380 (3d Cir. 2016) (citing United States v. McKie, 112 F.3d 626, 628 (3d Cir. 1997)). "The theory is that because the defendant remains sentenced in any

---

[4] As noted previously, Petitioner was resentenced on June 17, 2021 because his conviction and sentence on Count 5 was vacated based on Davis.

event, reviewing the concurrently sentenced counts is of no utility. The practice is eminently practical and conserves judicial resources for more pressing needs." Jones v. Zimmerman, 805 F.2d 1125, 1128 (3d Cir. 1986). "This doctrine should be applied only where it is apparent that a defendant will not suffer collateral consequences from the unreviewed conviction." United States v. Robinson, 2021 WL 5083992 at *2 (E.D. Pa. 2021) (citing United States v. Clemons, 843 F.2d 741, 743 n. 2 (3d Cir. 1988)).

Petitioner's § 922(g) conviction on Count Six did not impact his sentence. During his sentencing hearing on December 11, 2006, the Court sentenced Petitioner to 30 years' imprisonment to run concurrently on Counts One and Two. Hoffman also received a 30-year concurrent sentence for Count Six. (See Doc. No. 314 at 7.) With respect to Counts Three and Five, the Court sentenced Defendant to serve 10 and 25 years, respectively, each to run consecutively. (Id.) The Count Six conviction and sentence is the only one being challenged here. In Defendant's case, because the term of imprisonment on Count Six is concurrent with the sentence of imprisonment on Counts One and Two, his challenge need not be addressed on the merits based on the concurrent sentence doctrine. Moreover, there is no evidence Hoffman will suffer collateral consequences from this unreviewed conviction.[5]

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under §2255 (Doc. No. 312) will be denied. An appropriate order follows.

---

[5] The concurrent sentence doctrine would also bar any challenge to the sentence imposed on that Count on June 17, 2021. The term of imprisonment imposed on Count Six runs concurrently with the sentence imposed on Counts One, Two, and Four. (See Doc. No. 353.)