IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

MARCELLAS HOFFMAN,

                    Defendant.

CRIMINAL ACTION
NO. 01-169

**Slomsky, J.**                                                                    **May 26, 2022**

<u>**OPINION**</u>

## I.   INTRODUCTION

This matter comes before the Court by way of Defendant Marcellas Hoffman's ("Defendant" or "Appellant") <u>pro se</u> "Statement of Evidence Under Rule 10(c)," requesting certain additions and edits to the transcript of his June 17, 2021 resentencing hearing.  (<u>See</u> Doc. No. 388.) Upon Order from the Third Circuit Court of Appeals, the Government filed its own Statement of Evidence, requesting that the Court adopt some of Defendant's edits and deny others.  (<u>See</u> Doc. No. 392.)  For the reasons set forth below, Defendant's requested additions and edits to the resentencing hearing transcript will be adopted in part and denied in part.

## II.   BACKGROUND

Defendant is presently incarcerated for, among other offenses, conspiring to commit armed robbery during a drug trafficking crime. <u>See</u> <u>United States v. Hoffman</u>, Cr. No. 01-169, 2022 WL 986506 at *1 (E.D. Pa. April 1, 2022).  This Court has discussed the factual background and lengthy procedural history in this case in other Opinions.  <u>See</u> <u>Hoffman</u>, 2022 WL 986506 at *1; <u>see</u> <u>United States v. Hoffman</u>, Cr. No. 01-169, 2021 WL 2810068 (E.D. Pa. July 6, 2021); <u>see</u>

United States v. Hoffman, Cr. No. 01-169, 2021 WL 2451610 (E.D. Pa. June 15, 2021).  Therefore,

the pertinent procedural history is summarized briefly below.

     In 2006, Defendant was sentenced to an aggregate term of 65 years' imprisonment.  See

Hoffman v. Warden Philadelphia FDC, No. 22-1327, 2022 WL 1564177 at *1 (3d Cir. 2022).  In

2019, the United States Supreme Court decided United States v. Davis, 139 S. Ct. 2319,[1] which

vacated Defendant's conviction on one count.  Id.  Thus, on June 17, 2021, this Court resentenced

Defendant to a term of imprisonment of 450 months, or 37 ½ years in prison.  Id.  Thereafter,

Defendant appealed that sentence to the Third Circuit Court of Appeals and is proceeding pro se.

(See Doc. No. 392 at 1.)

     After compiling the appellate record, Defendant claimed there were errors and omissions

in the transcript of the June 17, 2021 resentencing hearing.  (Id.)  On March 21, 2022, he filed a

pro se "Statement of Evidence Under Rule 10(c)," requesting certain additions and edits to the

transcript.  (See Doc. No. 388.)  On April 4, 2022, the Third Circuit issued an Order directing the

parties to file their suggested changes, and any responses thereto, with this Court.  (See Doc. No.

---

[1]  As this Court previously explained:

> In Davis, the Court held that § 924(c)(3)(B)'s "crime of violence"
> definition is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019).
> The practical import of Davis is that courts are now tasked with
> determining whether a prior conviction falls within the "crime of
> violence" definition in 18 U.S.C. § 924(c)(3)(A): "an offense that is
> a felony and has as an element the use, attempted use, or threatened
> use of physical force against the person or property of another." 18
> U.S.C. § 924(c)(3)(A). (See also United States v. Oliver; 01-cr-
> 00169-2, Doc. No. 360 n.5.) Following the Davis decision, the
> Government and Defendant Hoffman agreed that Hoffman's 924(c)
> conviction … was invalid and that he had to be resentenced. (Doc.
> No. 7 at 2.)

Hoffman v. Pistro, Civ. No. 21-03007, 2022 WL 425939 at *1 (E.D. Pa. 2022).

400.)[2]  The Government filed its Statement on April 8, 2022, requesting that the Court adopt some of Defendant's edits and deny others.  (Doc. No. 392.)

## III.  APPLICABLE LAW

Defendant filed his suggested edits and additions to the resentencing transcript under Federal Rule of Appellate Procedure 10(c).  (Doc. No. 388.)  This Rule is applicable when the transcript of hearing or trial is unavailable.  <u>See</u> Fed. R. App. P. 10(c).  Here, however, the transcript is available.  Thus, Appellant seeks certain corrections and modifications to the transcript, which is governed by Federal Rule of Appellate Procedure 10(e).  This Rule provides as follows:

> (e) Correction or Modification of the Record.
>
> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> (A) on stipulation of the parties;
> (B) by the district court before or after the record has been forwarded; or
> (C) by the court of appeals.

Fed. R. App. P. 10(e)(2)(B).  These rules allow "amendment of the record on appeal only to correct inadvertent omissions" and may not be used "to introduce new evidence."  <u>Askal v. United States</u>, Civ. No. 16-2776, 2018 WL 9617241 at *1 (D. N.J. Sept. 10, 2018) (quoting <u>In re Application of Adan</u>, 437 F.3d 381, 388 n.3 (3d Cir. 2006).

---

[2]   This Order stayed the appeal until this Court resolved these issues regarding the transcript.  (<u>See</u> Doc. No. 392 at 2.)

## IV.  ANALYSIS

In his <u>pro se</u> "Statement of Evidence Under Rule 10(c)," Defendant requested the following additions and edits to the June 17, 2021 resentencing hearing transcript.  (<u>See</u> Doc. No. 388.)  Each one and whether it will be adopted are discussed in turn.  In ruling on Defendant's Statement of Evidence, the Court compared the transcript to the audio recording of the resentencing hearing.

1) **On page 20, lines 15 through 19, the transcript omits Defendant's citation to <u>Mitchell v. United States</u>, 119 S.Ct. 1307 (1999).**

   During this portion of the resentencing hearing, Defendant states that he "maintains [his] right to remain silent."  It is clear from the audio recording that Defendant does not cite the <u>Mitchell</u> case.  This addition will be denied.

2) **On pages 17, 18, 19, 20, and 21, the transcript uses the words "nine" or "nines" when instead it should be "analysis".**

   The Government agrees that the use of the words "nine" or "nines" on pages 17, 19, 20, and 21 should instead be the word "analysis".  After comparing the transcript with the recording, it evident that these edits should be adopted.

   However, the words "nine" or "nines" do not appear on page 18 of the transcript and therefore this suggested edit by Defendant will be denied.

3) **On page 20, lines 1 and 2, the word "price" is used instead of the word "priors".**

   After listening to the audio recording, it is evident that the word "price" on page 20, lines 1 and 2 should instead be "priors".  Therefore, Appellant's edits are adopted.  The Court notes that this edit should also be made on page 21, line 1.

4) **On page 38, the transcript omits Appellant's citation to <u>United States v. Dickler</u>, 64 F.3d 818 (3d Cir. 1995).**

   On page 38 of the transcript, Defendant asserts that he is not a career offender because his prior convictions are stale.  He states that the "statute of limitations for career offender" is 10-years.  Because he has been incarcerated for 20 years, he could not have committed an offense that would fall within the 10-year statute of limitations.  After review of the hearing audio, it is evident that Defendant does not cite <u>Dickler</u>.  This requested edit will be denied.

5) **The use of the word "relief" on page 46 of the transcript instead of "Rehaif".**

The Government agrees that the reference to "relief" on page 46, line 5 should in fact be "<u>Rehaif</u>". After comparing the transcript to the audio, it is clear that Defendant said "<u>Rehaif</u>". The record shall reflect this change.

6) **On page 72, line 16, the transcript omits Assistant United States Attorney David Troyer's response, "it was the testimony, he plead guilty."**

The transcript and recording both reflect that these words were not said during this portion of the hearing. Because the transcript is accurate, Defendant's suggested change will be denied.

7) **On page 77, the transcript does not reflect the correct question asked by the Court to United States Probation Officer, Ms. Widmeier. The correct question was "How could you prove it?" The Probation Officer responded, "Only by me saying it."**

The recording and transcript both reflect that none of these words were spoken by the Court or Ms. Widmeier. Defendant's suggested addition will be denied.

8) **On page 78, the transcript uses the wrong pronoun for Defendant's former counsel,[3] "he" instead of "she".**

There is no reference to Defendant's former attorney on page 78. Additionally, the only use of the pronoun "he" on page 78 refers to Appellant. This suggested addition will be denied.

9) **Additionally, page 78, lines 3 and 5 says the word "robbed" where it should say "arrived".**

The Government agrees that on page 78, lines 3 and 5, the word "robbed" should be "arrived". The recording reflects that Defendant said "arrived" and therefore the transcript should reflect this change.

10) **On page 153, line 11, the transcript omits when Appellant told his standby counsel, "Excuse [sic] me I'm representing myself".**

The Government submits that this exchange occurred on page 20, line 22, where the words, "I'm representing myself" should be added after the words "Excuse me." The Court agrees with the Government. During the portion of the hearing recorded on page 153, Defendant does not say to standby counsel, "excuse me I'm representing myself"; rather he says this on page 20, line 22. The record should reflect this change.

---

[3]  In his papers, Defendant refers to his former attorney as "conflict counsel".

**V.     CONCLUSION**

As set forth above, Defendant's proposed edits and amendments to the June 17, 2021 resentencing hearing transcript are adopted in part and denied in part.   An appropriate Order follows.